**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BRETT L. HANICK,
Plaintiff-Appellee,

v.

WILLIAM C. DUNCIL, Warden
Huttonsville Correction Center;
ROBERT DAY, Correctional Officer I,

Huttonsville Correctional Center,
Defendants-Appellants,

and

STEVE YARDLEY, Chief of Security,
Huttonsville Correctional Center,
Defendant.

No. 96-6285

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CA-92-168-5-S)

Argued: December 3, 1997

Decided: February 25, 1998

Before MURNAGHAN, ERVIN, and LUTTIG,
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Rita Pauley, Special Assistant Attorney General, Charles-
ton, West Virginia, for Appellants. Christine Ann Machel, WILLIAM

E. WATSON & ASSOCIATES, Wellsburg, West Virginia, for Appellee. **ON BRIEF:** Darrell V. McGraw, Jr., West Virginia Attorney General, Charleston, West Virginia, for Appellants.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff-appellee Brett Hanick brought this action pursuant to 42 U.S.C. § 1983 against defendant-appellants William Duncil and Robert Day, alleging that defendants were deliberately indifferent toward Hanick's safety and thus violated his Eighth Amendment rights by permitting Hanick to become injured in an altercation with a fellow inmate. Following a bench trial, the district court found defendant-appellants liable and entered judgment accordingly. After judgment was entered in the district court, but prior to oral argument before this court in defendants' appeal, we decided Rich v. Bruce, No. 96-7619 (4th Cir. Nov. 13, 1997), which substantially clarified the legal standard for determining when a prison official may be liable under a theory of deliberate indifference for injuries sustained by one prisoner at the hands of a fellow inmate. Because the district court did not apply the Rich framework to Hanick's Eighth Amendment claim, we vacate the judgment of the district court and remand the case for further proceedings consistent with the intervening Rich decision.

VACATED AND REMANDED

2